■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v MOHAMED ABDUL HASHIM, Respondent, et al., Defendant. [892 NYS2d 78]—

Hashim claims to have sustained severe and crippling permanent injuries in a collision in October 2005 with another motor vehicle driven by Cuzco. On November 3, 2005, counsel for Hashim notified plaintiff in writing of the personal injuries. Hashim commenced the underlying action against Cuzco, and moved, in May 2006, for summary default judgment when Cuzco failed to answer. On June 19, 2006, plaintiff wrote to Hashim's attorney, advising that since its recent receipt of Hashim's motion for default judgment was the insurer's first notification of legal action against its insured, it was accordingly disclaiming coverage under the policy. Hashim's counsel wrote back to plaintiff that its disclaimer letter was transmitted "after an unidentified person from your firm called me to ask whether we would voluntarily accept an answer in your behalf, to which I replied that we would not." On or about July 28, 2006, a default judgment was entered against Cuzco, with inquest scheduled for September 26, 2006. At the inquest, damages were assessed and awarded to Hashim in the amount of $250,000.

Having received timely notice of claim, plaintiff insurer was not entitled to disclaim coverage based on untimely notice of the claimant's commencement of litigation unless it was prejudiced by the late notice (*American Tr. Ins. Co. v B.O. Astra Mgt. Corp.*, 39 AD3d 432 [2007], *lv denied* 9 NY3d 802 [2007]). Plaintiff has not demonstrated prejudice by reason of the late notice of the underlying action. Plaintiff was notified of the legal action after the motion for a default judgment was made, but before the July 28, 2006 order scheduling an inquest. It could have appeared, opposed the motion, and filed for leave to file a late answer, but pursued none of those options.

Hashim failed to appeal from the order insofar as it denied his request for a direction that plaintiff satisfy the judgment in the underlying action. However, were we to consider the issue, we would find that recovery is confined to the monetary limits of the policy (Insurance Law § 3420 [a] [2]). Concur—Andrias, J.P., Sweeny, Catterson and DeGrasse, JJ.

Nardelli, J., dissents in a memorandum as follows: I would modify the declaration in defendant's favor to declare that plaintiff American Transit Insurance Company is obligated to defend and/or indemnify Jose Cuzco in the underlying negligence action on condition that defendant Mohamed Hashim consent to vacatur of the default judgment he obtained, and permit American Transit to file an answer on behalf of Cuzco.

It is clear that counsel for Hashim, despite having previously exchanged correspondence with claims representatives at American Transit, did not notify American Transit of the negligence action until after he moved for a default judgment. He further acknowledges that he had spoken with claims examiners for American Transit on at least six occasions prior to any litigation. Yet, he did not give American Transit the courtesy of advising it that litigation had been commenced.

Even after the lawsuit was commenced, and it was evident that Cuzco was not corresponding with his insurer, counsel for Hashim did not advise American Transit of the lawsuit. Only after he submitted a motion for a default judgment did he advise American Transit that the matter was in litigation. He admits that within a few days after American Transit was finally and actually made aware of the motion for a default judgment, a representative telephoned him, and advised that American Transit was willing to defend and indemnify Cuzco, if he would agree to accept a late answer. He refused this requested courtesy, despite the fact that all evidence indicates that American Transit had just become aware of the lawsuit.

Of particular concern in evaluating counsel's good faith is a clouded representation in his affidavit in support of his motion for summary judgment in this action. At paragraph eight he states that notice of the lawsuit had been provided to American Transit on May 3, 2006, and that the June 19, 2006 disclaimer letter from American Transit was thus untimely. Review of the May 3, 2006 letter, however, makes clear that the letter was addressed to Cuzco, with a copy sent to American Transit, and advised Cuzco to contact his insurance company about "correspondence" which he had received previously. The letter did not advise that the "correspondence" was actually a summons and complaint.

In reality, American Transit did not receive notice of the actual litigation until June 5, 2006, when counsel for Hashim first communicated directly with the insurer.

While some may question American Transit's strategy in not opposing the motion for a default judgment, and then commencing the declaratory action two months later, the issue for this

Court is not whether American Transit was wise, but whether it was prejudiced (*see American Tr. Ins. Co. v B.O. Astra Mgt. Corp.*, 39 AD3d 432 [2007], *lv denied* 9 NY3d 802 [2007]). Inasmuch as counsel for Hashim did not advise the insurer of the pendency of the litigation until after he had moved for a default judgment, and then refused the common and professional courtesy of permitting it to file an answer, the prejudice is self-evident. There is no guarantee that the trial court would have extended American Transit's time to answer, especially in view of Hashim's opposition.

The underlying negligence action was commenced on February 24, 2006, and Hashim's counsel did not advise the insurer of the pendency of the action until June 2006. No excuse is offered for the delay in giving notice, and, additionally, counsel was not quite candid about a purported notice given two months after the litigation was commenced. Since counsel had been in communication with the insurer on several occasions before the litigation was commenced, and yet did not timely advise of the pendency of the litigation, there is no justification for finding that the insurer's conduct was more grievous than Hashim's, or that it was not prejudiced. No one will suffer if this action is tried on the merits.